[No. 2311. Decided November 11, 1896.]

NORTHWESTERN & PACIFIC HYPOTHEEK BANK, *Respondent*, v. STELLA B. SUKSDORF, *Appellant*.

REMOVAL OF CAUSES — TIME FOR APPLICATION.

A nonresident defendant is not entitled to have an action for the foreclosure of a mortgage transferred to the federal court, when the complaint states but a single cause of action against all the defendants, and some of them, aside from the nonresident defendant, are necessary parties to a complete determination of the plaintiff's rights.

An application by a defendant for a transfer of the cause to the federal court must be made before the expiration of the time fixed by statute within which the defendant is called upon to answer, and such right cannot be enlarged by an extention of time in which to answer.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge.    Affirmed.

*Samuel R. Stern*, for appellant:

The extention of time to answer by the court, or by

stipulation of the parties, does not deprive the defendant of the right of removal. *Wilcox, etc., Guano Co. v. Phoenix Ins. Co.*, 60 Fed. 929; *Peoples' Bank v. Aetna Ins. Co.*, 53 Fed. 161; *Rycroft v. Green*, 49 Fed. 177; *Turner v. Railway Co.*, 55 Fed. 689; *Kansas City, etc., R. R. Co. v. Daugherty*, 138 U. S. 298; *Winberg v. Berkeley County Ry. Co.*, 29 Fed. 721; *Gavin v. Vance*, 33 Fed. 84; *McKeen v. Ives*, 35 Fed. 801; *Lockhart v. Memphis, etc., R. R. Co.*, 38 Fed. 274; *Amsden v. Norwich Union Fire Ins. Society*, 44 Fed. 516; *Craven v. Turner*, 19 Atl. 864; Dillon, Removal of Causes, (5th ed.), § 118.

*Blake & Post*, for respondent:

Appellant had no right to a removal of the cause. The complaint states but a single cause of action against all the defendants. Each and all of the defendants were necessary and proper parties to a complete adjudication upon plaintiff's rights. The ground upon which the removal is claimed is that of diverse citizenship under the separable controversy clause of the statute. *Ayres v. Wiswall*, 5 Sup. Ct. 90; *Coney v. Winchell*, 6 Sup. Ct. 366; *Fidelity Ins. Co. v. Huntington*, 6 Sup. Ct. 733; *Torrence v. Shedd*, 12 Sup. Ct. 727; *Kaitel v. Wejlie*, 38 Fed. 866; *Security Co. v. Pratt*, 32 Atl. 398; *Wilson v. Oswego Tp.*, 151 U. S. 56. Failure of one of the defendants to join in the petition is fatal to the right of removal when there is no separable controversy. *Thompson v. Railway Co.*, 60 Fed. 773; *Western Union Telegraph Co. v. Brown*, 32 Fed. 337.

The petition and bond were not filed seasonably. *Gerling v. Baltimore, etc., R. R. Co.*, 14 Sup. Ct. 538; *Dickson v. Western Union Telegraph Co.*, 38 Fed. 377; *Pullman Palace Car Co. v. Speck*, 113 U. S. 84; *Greg-*

*ory v. Hartley*, 113 U. S. 746; *Austin v. Gagan*, 39 Fed.
626; *Spangler v. Atchison, etc., R. R. Co.*, 42 Fed. 305;
*Delbanco v. Singletary*, 40 Fed. 177; *Ruby Canyon Gold
Mining Co. v. Hunter*, 60 Fed. 305.

The opinion of the court was delivered by

Scott, J.—The error complained of in this case was
the denial of the appellant's application for a transfer
of the cause to the federal court.   The action was
brought to foreclose a mortgage given by the appel-
lant and her husband, Henry F. Suksdorf, upon land
in Spokane county.   The other defendants were rep-
resented as claiming some interest in said lands,
which, it was alleged, was subsequent to the plaintiff's
mortgage.   The defendants were served with process
in said action, the service upon appellant being by
publication.   She was a resident of the state of Ore-
gon.   She appeared in the action on September 16,
1895, and made a motion for security for costs.
Thereafter, on October 14th, the default of all the
defendants excepting appellant was entered.   A motion
for judgment made by the plaintiff was denied and
appellant was granted an extension of time until
October 23, 1895, within which to answer.   On said
last date appellant made the application in question
for a transfer of the cause to the federal court, which
was denied.

There was no error in denying the application for
a transfer.   The complaint stated but a single cause
of action against all the defendants, and they, or some
of them at least, aside from appellant, were necessary
parties to a complete determination of the plaintiff's
rights, and there was no such separable controversy
as would entitle the appellant to a transfer of the
cause.

Furthermore, the application was properly denied in consequence of not having been seasonably made. Appellant was in default. The extension of time which was granted was to allow her to answer, and should not be held as having enlarged the time within which she could apply for a transfer of the cause to the federal court, as such application should have been made before the expiration of the time fixed by statute within which she was called upon to answer.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.